IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**MARKHAM BUNN**                                                                                          **PLAINTIFF**

vs.                                          **Civil No. 6:19-cv-06109**

**ANDREW SAUL,**                                                                                           **DEFENDANT**
**Commissioner, Social Security Administration**

<u>**MEMORANDUM OPINION**</u>

Plaintiff, Markham Bunn, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    <u>Background</u>:**

Plaintiff protectively filed his applications for DIB and SSI on July 26, 2011. (Tr. 244)[1]. In his application, Plaintiff alleged being disabled due to cyclic vomiting syndrome with an alleged onset date of January 9, 2009. (Tr. 244, 414). Plaintiff's application was denied initially and

---

[1] References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 12, These references are to the page number of the transcript itself not the ECF page number.

again upon reconsideration. (Tr. 244). Plaintiff requested an administrative hearing and that administrative hearing was held on September 11, 2012. (Tr. 178-208). At this hearing, Plaintiff was present and represented by counsel, Donald Pullen. *Id*. Plaintiff and a Vocational Expert ("VE") testified at the hearing. *Id*. At the hearing, Plaintiff amended his onset date to June 1, 2011. (Tr. 244).

Following the administrative hearing, on November 28, 2012, the ALJ entered an unfavorable decision. (Tr. 241-57). The ALJ found Plaintiff had not engaged in substantial gainful activity since his amended onset date of June 1, 2011. (Tr. 246, Finding 2). The ALJ determined Plaintiff had the severe impairments of: cyclic vomiting syndrome and marijuana induced hyperemesis syndrome. (Tr. 246-47, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 247-48, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined his RFC. (Tr. 248-51, Finding 5). The ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id*. The ALJ determined that Plaintiff retained the RFC to perform work at all exertional levels, but with the nonexertional limitations of avoiding extreme heat or extreme cold, and avoid hazards including machinery and unprotected heights. *Id*.

The ALJ found Plaintiff would be unable to perform any of his Past Relevant Work ("PRW"). (Tr. 252, Finding 6). However, the ALJ found there were jobs in the significant numbers in the national economy that Plaintiff could perform. (Tr. 252-53, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupation of general

office clerk with approximately 350,000 jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff was not disabled at any time from June 1, 2011, through the date of his decision. (Tr. 253, Finding 11).

On February 18, 2014, the Appeals Council remanded the case to an ALJ on the basis of new and material evidence which was submitted in connection with the request for review. (Tr. 258-60). An administrative hearing was held on May 22, 2014. (Tr. 209-36). At this hearing, Plaintiff was present and represented by counsel, Donald Pullen. *Id*. Plaintiff and a Vocational Expert ("VE") testified at the hearing. *Id.*

On November 7, 2014, the ALJ entered an unfavorable decision. (Tr. 163-77). The ALJ found Plaintiff had not engaged in substantial gainful activity since his amended onset date of June 1, 2011. (Tr. 168, Finding 2). The ALJ determined Plaintiff had the medically determinable impairment of cyclic vomiting syndrome. (Tr. 168-71, Finding 3). The ALJ found Plaintiff did not have an impairment or combination of impairments that had significantly limited, or was expected to significantly limit, his ability to perform basic work-related activities for 12 consecutive months and therefore Plaintiff did not have a severe impairment or combination of impairments. (Tr. 168-71, Finding 4). Based upon this finding, the ALJ determined Plaintiff was not disabled at any time from June 1, 2011, through the date of his decision. (Tr. 171, Finding 5).

On January 21, 2016, the Appeals Council denied Plaintiff's request for review. (Tr. 1437-40). On March 2, 2016, Plaintiff file a complaint with the Western District of Arkansas, and on February 14, 2017, the Court remanded the case for further consideration. (Tr. 1444-47, 1449-55). An administrative hearing was held on September 13, 2017. (Tr. 1392-1421). At

this hearing, Plaintiff was present and represented by counsel, Donald Pullen.  *Id.*.  Plaintiff and a Vocational Expert ("VE") testified at the hearing.  *Id*.

On November 28, 2017, the ALJ entered an unfavorable decision.  (Tr. 1369-91).  The ALJ found Plaintiff had not engaged in substantial gainful activity since his amended onset date of June 1, 2011.  (Tr. 1374, Finding 2).  The ALJ determined Plaintiff had the severe impairments of: cyclic vomiting syndrome with associated symptoms, degenerative disc disease, and depression.  (Tr. 1374, Finding 3).  Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings").  (Tr. 1374-76, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined his RFC.  (Tr. 1376-82, Finding 5).  The ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely consistent with the medical evidence and other evidence in the record.  *Id*.  The ALJ determined that Plaintiff retained the RFC to:

> [P]erform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). Specifically, due to mild to moderate pain associated with the abdominal issues and associated symptoms such as depression, fatigue, dizziness, and headaches, the claimant retains the ability to lift or carry 50 pounds occasionally and 25 pounds frequently and he can sit/stand/walk at least 6 hours out of an 8-hour workday. Non-exertional limitations include no work in extreme heat or cold with work performed inside in a climate-controlled environment with restrooms available on regular breaks. He cannot work at unrestricted heights or on scaffolding or ladders. Due to the associated depression, he is limited to unskilled rote activities with ability to understand, remember, and follow concrete instructions. Contact with co-workers, supervisors, and the general public should be superficial to meet, greet, make change, and get simple instructions and directions.
> *Id*.

The ALJ found Plaintiff would be unable to perform any of his Past Relevant Work ("PRW").  (Tr. 1383, Finding 6).  However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform.  (Tr. 1383-84, Finding 10).  With

4

the help of the VE, the ALJ found Plaintiff could perform the representative occupations of hand packer with approximately 52,000 jobs in the nation, or dishwasher with 140,000 jobs in the nation. *Id*.  Based upon this finding, the ALJ determined Plaintiff was not disabled at any time from June 1, 2011, through the date of his decision.  (Tr. 1384, Finding 11).

On September 5, 2019, Plaintiff filed the present appeal.  ECF No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 14, 15.  This case is now ready for decision.

2.      **Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.   Discussion:

Plaintiff brings three points on appeal: 1) whether the ALJ erred in assessing Plaintiff's subjective statements; 2) whether substantial evidence supported the ALJ's RFC determination; and 3) whether the ALJ properly assessed Plaintiff's non-exertional limitations. ECF No. 14. The Commissioner argues substantial evidence supported the ALJ's RFC findings. ECF No. 15.

Because the Court finds the ALJ's RFC determination not supported by substantial evidence only that point on appeal is addressed here. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." *Id*.

6

Of grave concern to the undersigned, is the ALJ's treatment of the opinion evidence. The ALJ found the opinions offered by Dr. Sarah L. Sullivan, Plaintiff's treating physician since 2012, were not well supported by the treatment record. (Tr. 1382). The ALJ considered Dr. Sullivan's opinion offered in 2013 and noted that while she had a treatment relationship with Plaintiff, she was not a specialist. *Id*. The ALJ found Dr. Sullivan's 2013 opinion that Plaintiff suffered from disabling stomach pain and was unable to work due to his condition to be vague and not well supported by treatment notes. *Id*. The ALJ also considered Dr. Sullivan's more detailed physical residual functional capacity questionnaire from December 26, 2014. *Id*. The ALJ discussed treatment notes from 2015 through 2017 and found that the treatment notes did not support the limitations assessed by Dr. Sullivan. *Id*. The ALJ also gave little weight to the opinions offered by the non-examining State Disability Determination Services medical consultants. *Id*. The ALJ did not consider any other opinion evidence from a treating or examining physician. *Id*.

The ALJ's RFC determination must be supported by medical evidence that addresses Plaintiff's ability to function in the workplace. "Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case." *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010) (quoting *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004). The Court finds the ALJ's RFC determination is not supported by substantial evidence and requires remand to further develop the record and further consider Plaintiff's maximum RFC.

On remand, the ALJ is directed to specifically address the opinions of Dr. Sullivan. The ALJ is also directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that

an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. Alternatively, the ALJ may order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan,* 932 F.2d 1234, 1239 (8th Cir. 1991).

1. **Conclusion**:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**ENTERED this 25th day of August 2020**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE